UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4581

EMMANUEL AGUNBIADE, a/k/a
Agunbiade Idowu,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-98-47)

Submitted: December 29, 1998

Decided: January 25, 1999

Before ERVIN and HAMILTON, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Lieberman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Mariclaire Driscoll Rourke, Special
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emmanuel Agunbiade appeals from his conviction after a bench trial for making false statements in attempting to and obtaining United States citizenship in violation of 18 U.S.C.A. § 1425(a) (West 1984 & Supp. 1998). He asserts that the evidence was insufficient to convict him because his statements on the citizenship application were neither false nor material. We affirm.

Taking the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), testimony at trial disclosed that Agunbiade entered the United States in 1977 on a visiting visa. He overstayed his visa and was arrested in 1979. Although Agunbiade testified that he was granted voluntary departure, the Government introduced as evidence a copy of the warrant of departure showing that Agunbiade was subject to deportation and that an officer of the Immigration and Naturalization Service ("INS") executed the warrant of departure on February 6, 1979.

Agunbiade returned to the United States in 1981 on a visa under the name of Agunbiade Idowu. He applied for and obtained a green card under that name. In 1984, Agunbiade was arrested and charged with destruction of personal property. He completed community service under a diversion program, and the charge was nolle prossed.

Agunbiade applied for naturalization in February 1992 under the name of Agunbiade Idowu. He completed the application, declaring under penalty of perjury that he had never been arrested or deported. He affirmed those answers in the interview with the INS examiner. Had Agunbiade indicated that he had been arrested or deported, the INS would have investigated the circumstances of the deportation, reentry, and arrest. In addition, the INS examiner testified that there was no fingerprint card in the working file to alert the INS that Agun-

2

biade had been subject to deportation. Finally, INS officials testified that the INS maintained two files on Agunbiade--one under the name of Emmanuel Agunbiade and one under the name of Agunbiade Idowu; each file contained a different social security number and date of birth.

At the conclusion of the evidence, the district court found that Agunbiade had been arrested and deported. The court therefore found him guilty of making false statements in attempting to and obtaining United States citizenship. Agunbiade timely appeals.

Agunbiade challenges his conviction on the ground that the evidence was insufficient to convict him. In determining whether the evidence was sufficient, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); Glasser, 315 U.S. at 80. If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

Section 1425(a) provides that "[w]hoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person . . . [s]hall be fined . . . or imprisoned not more than . . . [fifteen] years . . ., or both." 18 U.S.C.A. § 1425(a). The statute does not define "contrary to law," but the phrase has been interpreted to be the law governing naturalization. See United States v. Puerta, 982 F.2d 1297, 1300-01 (9th Cir. 1992). The Government prosecuted Agunbiade for the false statements he made on his naturalization application as to whether he had ever been deported or arrested. To convict Agunbiade, the Government must establish that: (1) Agunbiade made false statements on the application; (2) he made the statements knowingly; (3) the statements were material; and (4) he procured or attempted to procure naturalization. See id. at 1301; 18 U.S.C.A. § 1425(a).

Here, the Government satisfied its burden. It is undisputed that Agunbiade was naturalized. Evidence adduced at trial disclosed that Agunbiade knowingly made false statements on the naturalization

3

application. He answered in the negative the questions regarding whether he had ever been arrested or deported, and he reaffirmed those answers in the interview with the INS examiner. The Government, however, produced a warrant of deportation showing that Agunbiade was deported in 1979 and a fingerprint card showing that he was arrested in 1984. Although Agunbiade testified that he believed he was granted voluntary departure and therefore was not deported and that participating and completing the requirements of the diversion program with regard to his arrest for destruction of personal property erased the arrest from his record as if it had never happened, the factfinder rejected this testimony as not credible. We may not review the credibility of witnesses or weigh the evidence. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). We therefore find that the Government established that Agunbiade knowingly made false statements on his naturalization application.

Finally, the statements were material. A statement is material if it has "`a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" United States v. Gaudin, 515 U.S. 506, 509 (1995) (quoting Kungys v. United States, 485 U.S. 759, 770 (1988)). In the immigration context, a statement is material if a different answer would have disclosed other facts relevant to an individual's qualifications for naturalization. See Puerta, 982 F.2d at 1303-04 (finding that false statements are material "where [they] are coupled with evidence giving rise to a `fair inference' of ineligibility [for naturalization]") (citing Kungys, 485 U.S. at 783-84) (Brennan, J., concurring)).

At Agunbiade's trial, an INS official testified that had Agunbiade disclosed that he had been deported and arrested, the INS would have investigated the circumstances surrounding the arrest, deportation, and reentry. Agunbiade's statements therefore could have influenced the INS' decision with regard to his naturalization application. See Gaudin, 515 U.S. at 509; Kungys, 485 U.S. at 783-84 (Brennan, J., concurring). Moreover, INS officials testified that it maintained two files on Agunbiade, each with a different name, social security number, and date of birth. One file related to Agunbiade's 1979 deportation and the other to his application for legal permanent resident alien status. These facts give rise to a fair inference that Agunbiade did not seek permission to reenter the United States after his deportation.

4

Because a deported alien must obtain permission to reenter the United States lawfully, Agunbiade's statements were material. See 8 U.S.C.A. §§ 1326, 1427 (West Supp. 1998); Puerta, 982 F.2d at 1303-04. When viewed in the light most favorable to the Government, the evidence was sufficient. See Burgos, 94 F.3d at 862.

Accordingly, we affirm Agunbiade's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5